IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| STEPHANIE JOANTHA WILLIAMS,<br><br>Plaintiff,<br><br>v.<br><br>PRAIRIE FARMS DAIRY, INC.,<br><br>Defendant. | Case No. 3:23-CV-3851-NJR |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

This is a proposed collective action to recover unpaid overtime compensation, liquidated damages, attorney's fees, and costs under the Fair Labor Standards Act ("FLSA"). Plaintiff Stephanie Joantha Williams ("Williams") asserts that Defendant Prairie Farms Dairy, Inc. ("Prairie Farms") failed to include shift differential pay in its regular rate of pay when calculating overtime for her and other similarly situated employees.

Now before the Court is a Partial Motion to Dismiss the Amended Complaint for Failure to State a Claim filed by Prairie Farms. (Doc. 17). For the reasons set forth below, the Court denies the motion to dismiss.

## BACKGROUND

Williams has worked as non-exempt, hourly laboratory technician for Prairie Farms at its laboratory in Battle Creek, Michigan, since April 2022. (Doc. 16 at ¶¶ 5, 9, 10). Williams asserts that she and other non-exempt employees were entitled to full

compensation for all overtime hours worked at a rate of 1.5 times their "regular rate" of pay. (*Id.* at ¶ 15). Thus, when Williams worked more than 40 hours in a week, Prairie Farms paid her 1.5 times her regular hourly pay rate. (*Id.* at ¶ 12). However, Williams also was promised shift differential pay when she worked the night shift. (*Id.* at ¶¶ 13, 14). Williams alleges that her shift differential pay should, by statute, have been included in the computation of her "regular pay." (*Id.* at ¶ 20). Yet, Prairie Farms did not incorporate the shift differential into Williams' regular hourly rate calculation when determining her rate of overtime pay. (*Id.* at ¶ 22). Williams asserts this is a *prima facie* violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et. seq*.

Williams filed this collective action on behalf of herself and all current and former non-exempt hourly employees of Prairie Farms who, in the past three years, received shift differential pay in any workweek where they worked more than 40 hours. (*Id.* at ¶ 32). The Amended Complaint asserts that Williams and the putative collective members are "similarly situated" pursuant to 29 U.S.C § 216(b) because they were eligible for and did receive the shift differential pay, but such pay was not calculated as part of their regular rate as required by the FLSA. (*Id.* at ¶ 33). Williams further alleges, "on information and belief," that Prairie Farms used a centralized payroll system that calculated overtime pay for all similarly situated employees in the same or similar manner; that resolution of this action requires inquiry into common facts; and that there are hundreds of similarly situated current and former employees of Prairie Farms at various locations who were not paid their required wages. (*Id.* at ¶¶ 34, 36, 39).

Prairie Farms moves to dismiss the nationwide collective action claim, arguing

that Williams has failed to create a plausible inference that there is a group of employees at all of Prairie Farms' locations nationwide that are "similarly situated" to her. (Doc. 17). Williams filed a response in opposition (Doc. 20), and Prairie Farms filed a timely reply brief. (Doc. 22). The Court held oral argument on the motion on May 8, 2024.

### LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "tests whether the complaint states a claim on which relief may be granted." *Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012). The Court accepts as true the complaint's well-pleaded factual allegations and draws all reasonable inferences—but not legal conclusions—in the plaintiff's favor. *Burke v. 401 N. Wabash Venture, LLC,* 714 F.3d 501, 504 (7th Cir. 2013).

To survive a Rule 12(b)(6) motion, the plaintiff only needs to allege enough facts to state a claim for relief that is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A plaintiff need not plead detailed factual allegations, but must provide "more than labels and conclusions, and a formulaic recitation of the elements." *Id.* "Plausibility does not mean probability: a court reviewing a 12(b)(6) motion must 'ask itself *could* these things have happened, not *did* they happen." *Huri v. Off. of the Chief Judge of the Cir. Ct. of Cook Cnty.*, 804 F.3d 826, 833 (7th Cir. 2015) (quoting *Swanson v. Citibank, N.A.*, 614 F.3d 400, 405 (7th Cir. 2010)). "The standard simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence supporting the allegations." *Id.* (citing *Olson v. Champaign Cnty.*, 784 F.3d 1093, 1098 (7th Cir. 2015)); *see also Luna Vanegas v. Signet Builders, Inc.*, 46 F.4th 636, 645 (7th Cir. 2022) ("all a complaint

must do is state a plausible narrative of a legal grievance that, if proved, would entitle the plaintiff to relief").

## DISCUSSION

In its motion to dismiss, Prairie Farms argues that while the FLSA permits a plaintiff to bring an action against an employer on "behalf of [herself] and other employees similarly situated," 29 U.S.C. § 216(b), the "similarly situated" inquiry requires the named plaintiff to establish a factual nexus tying them to a common unlawful policy. (*Id.*). And here, Williams has failed to create a plausible inference that there is a group of employees at all of Prairie Farms' locations nationwide that are "similarly situated" to her. (*Id.*). Prairie Farms avers that, because Williams pled her factual allegations "on information and belief," Williams does not actually know about its pay practices at locations other than its facility in Battle Creek, Michigan, whether Prairie Farms indeed used a centralized payroll system, or whether there actually are hundreds of similarly situated employees. (*Id.*).

In response, Williams argues that Prairie Farms' motion is procedurally improper because it is an attempt to bypass the two-stage conditional certification process and determine certification on the face of the pleadings. (Doc. 20). In support of her argument, Williams relies on *Lang v. DirecTV, Inc.*, where, like here, the defendants moved to dismiss the plaintiffs' collective action claims under the FLSA because the plaintiffs did not adequately plead facts that would show they are similarly situated to the potential collective members. 735 F. Supp. 2d 421, 434 (E.D. La. 2010). The court noted that the FLSA allows one or more employees to pursue an action in a representative capacity for

"other employees similarly situated," yet the FLSA does not define "similarly situated." *Id.* The court then observed that the prevailing method for determining whether employees are similarly situated requires a conditional certification stage and a final certification stage. *Id.* at 435. If the Court grants conditional certification, the case proceeds as a collective action through discovery. *Id.* The defendant may then move for decertification, at which point the court will decide, with the benefit of considerably more information, whether the employees are similarly situated. *Id*. Because the case had not yet reached the conditional certification stage, the *Lang* court found that defendants' motion to dismiss was premature; plaintiffs had no opportunity to do discovery and develop a record. *Id.* Ultimately, the court denied the motion to dismiss because a "challenge on the pleadings seeks to end-run the certification process by trying certification on the face of the complaint." *Id.* at 435-36. "Courts generally require nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan," and the plaintiffs there had adequately alleged a company-wide policy. *Id.* at 436.

Williams also cites to *Beyer v. Michels Corporation*, where the Eastern District of Wisconsin found the plaintiff had plausibly alleged the existence of a uniform policy that applied to all Wisconsin employees, which resulted in undercompensating the defendant's employees. No. 21-cv-541-pp, 2023 WL 2693439, at *10 (E.D. Wisc. Mar. 29, 2023). The court noted that although questions remained regarding how many employees, how many positions, how many supervisors and how much overtime was implicated, those were issues that could be raised following discovery. *Id.* at *12.

Like *Lang* and *Beyer*, Williams argues that entertaining a Rule 12(b)(6) challenge to collective allegations prior to a motion for conditional certification fundamentally changes the standard governing FLSA collection actions. Thus, Prairie Farms' motion is procedurally improper and should be denied. Alternatively, Williams asserts that even if Defendant's motion is procedurally proper, the Amended Complaint contains specific allegations creating a plausible inference that there are similarly situated employees at Prairie Farms' locations nationwide. (*Id.*).

True, some district courts in this circuit and others have considered motions to dismiss without finding that it infringes on the conditional certification process. *See, e.g.*, *Iannotti v. Wood Grp. Mustang*, No. 20-CV-958-DWD, 2021 WL 2805812, at *1 (S.D. Ill. July 6, 2021) (considering a motion to dismiss the plaintiff's nationwide collective action claim and finding that the complaint's allegations plausibly stated a claim for relief). The prevailing theory in the Seventh Circuit, however, is that motions to dismiss or strike class or collective allegations at the pleading stage should be denied as premature. *See Nevarez v. DynaCom Management., LLC*, No. 23 CV 5248, 2024 WL 1579393, at *9 (N.D. Ill. Apr. 11, 2024) (citing *Dietrich v. C.H. Robinson Worldwide, Inc.*, No. 18 C 4871, 2018 WL 6399199, at *1 (N.D. Ill. Dec. 6, 2018) (declining to strike class and collective allegations prior to discovery); *Carrol v. S.C. Johnson & Son, Inc.*, No. 17 C 5828, 2018 WL 1695421, at *5 (N.D. Ill. Mar. 29, 2018) (noting that courts have denied motions to dismiss or strike class allegations prior to full briefing on the plaintiff's motion to certify the class)).

Moreover, Williams' Amended Complaint is not so deficient as to warrant dismissal of her collective action claim. *See id.* (citing *Advanced Dermatology v. Fieldwork,*

*Inc.*, 550 F. Supp. 3d 555, 568 (N.D. Ill. 2021) ("A court should strike class allegations at the pleading stage only where the pleadings are facially defective or inherently deficient[.]")). At this stage, all Williams must do is "allege facts sufficient to create the plausible inference that there is a group of individuals similarly situated to [her]." *Smith v. Pizza Hut, Inc.*, No. 09-CV-01632-CMA-BNB, 2011 WL 2791331, at *5 (D. Colo. July 14, 2011). Williams has alleged that Prairie Farms used a centralized payroll system that calculated overtime pay for all employees in the same or similar manner and, as a result, there are hundreds of similarly situated current and former employees of Prairie Farms at various locations who were not paid their required wages. Based on these allegations, the Court finds that Williams has created a plausible inference that members of the proposed collective are similarly situated to her. Accordingly, she will be permitted to proceed to discovery and develop a record in support of her collective allegations.

## CONCLUSION

For these reasons, the Partial Motion to Dismiss the Amended Complaint for Failure to State a Claim filed by Defendant Prairie Farms Dairy, Inc. (Doc. 17), is **DENIED**.

**IT IS SO ORDERED.**

DATED: August 9, 2024

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**